The opinion of the Court was delivered by
Tilghman C. J.
The third rule made on the 12th July^ *513 1784, is to be considered as part of the act of incorporation, just as if it had been actually inserted in it; and if the bylaw in question can, by fair agreement, be made out to be in contradiction-to it, its validity cannot be supported.— There is no express contradiction betweeu the rule and the by-law. The rule declares, that no person shall vote, who has not been a member of the church twelve months preceding the election — the by-law does not say that he shall — but only, that although he has been a member twelve months preceding the election, he shall not vote, if his pew rent be more than two years in arrears. By-laws for the good of the corporation, have been held to be valid, although they reduced the number of the electors to narrower bounds', than were marked out by the charter. A leading case on this subject, is The case of corporations,” decided in the 40, and 41. Elizabeth, 4. Co. 78. Several towns had been incorporated by charter, which directed the election of mayor, bailiff, aldermen, &c., to be by the commonalty or burgesses, generally — but, by long continued usage, those elections had been made by a select number of the principal persons of the commonalty or burgesses, and not by the commonalty or burgesses at large. And it was decided, after great deliberation and conference among all the Judges, that the said elections were well warranted by the charters, and by-law, because the regulation under which they were made, tended to prevent disorder and confusion, and was therefore for the good of the corporation. That decision has been held for law in England, from the reign of Elizabeth to the present day — and the principle established by it, is much stronger than that which is necessary for the support of the by-law now under consideration. In the present case, no person is excluded from voting, unless he is in default, in a matter essential to the support of the church ; and he may reinstate himself in his privilege by paying his debt. Nothing is more manifestly for the good of the church than this by-law. Without funds the church cannot exist, and it will be torn to pieces by dissension, if the funds are to be collected by suits at law against those who are in arrears. So that this rule is calculated to support the corporation, and preserve harmony among its members. It is hardly possible that oppression should be practised. The vestrymen are elected annually, and the by-law may be altered or repealed at any time. *514 There is strong- evidence of the convenience of such a regulation ; because this church has had one of the same nature, under different modifications, ever since the year 1800. Inasmuch then as this by-law is reasonable, for the good of the church, and not contradictory to the act of incorporation, I am of opinion that it is valid.
Rule discharged.