The opinion of the court was delivered by
Tilghman, C. J.
A rule having heen laid on the defendant, to show cause why an information, in nature of a Quo ioarranto, should *74 not be filed against him, to show by what authority he exercises the functions of u Minister in charge of'Wesley Church.” It is objected by his counsel, that the religious office which he exercises, is not the subject of a Quo warranto. ’
The statute of 9 Ann. ch. 20, not having been extended to this commonwealth, all our proceedings in nature of Quo warranto are at common law. The ancient writ of Quo warranto haying been found inconvenient, has been long disccr.'inued, and the information in nature of Quo warranto adopted in lieu of it. But informations are not granted, except in cases where the writ, itself would have lain. We must inquire, therefore, what those cases are. The object of the writ of Quo loarranto seems to have been, to remove some usurpation of the rights or prerogatives of the crown. It is defined by Blackstone (3 Com. 262,) to be “ in nature of. a writ of right for the king, against him who claims, or usurps, any office, franchise, or liberty, to inquire by what authority he supports his claim, in order to determine the right.” Now, of what nature is the office held by the defendant? It appears by the affidavits laid before us, that he acts as a minister or pastor of the Wesley church; an office to which no salary is attached, although he has received a small sum from several members of the congregation, as a charitable donation, in consideration of his age and infirmity. It is difficult to conceive how he has usurped any right or prerogative of this commonwealth. We have no established church. Every religious society is left to the management of its own concerns. They elect their ministers as they please. The government has nothing to do with it. It appears, that the legal title of the Wesley church is vested in trustees, and that the congregation is divided into two parties. Those by whom the defendant is supported have lately obtained a charter-of incorporation, under which the defendant was elected minister. But their opponents, at whose instance the rule to show cause, &c. was laid, disdain the charter, and stand upon the voluntary association by which the wh%Ie congregation was united, before the church was built. And they have elected another minister of the name, of Johnson. Each party asserts itself to be a majority of the whole congregation. Those who move for the information, say, that they have no other remedy. But that is not the case. An ejectment may be brought for the church, in the name of the trustees, and then, it .may be tried which party is entitled to the possession. Indeed, it is in proof, that an indictment for a forcible entry and detainer is now depending. The office of minister of a chuj ch is no way connected with the administration of justice. Neither is it a right, or franchise, which belongs to the commonwealth. An information has been granted against one who exercised the ofiiee of a constable. (2 Str. 1213, Rex v. Goudge.) So, against one •who exercised the office of bailiff of an ancient ville. (2 Str. 836, Rex v. Boyles.) So, against one who exercised the office of *75 a trustee for the superintendanee of a public port, under a statute. (1 Sir. 299.) In the tu o first of these cases, the administration of justice was concerned: in the last, the king’s prerogative. An information lies against one who claims an exclusive right of ferry over a public river. Where again, prerogative comes in question, and .besides, the public is much interested. But an information has been refused, to try the validity of the election of a churchwarden. (2 Sir. 1196. Rex v. Dawbeny.) There are two cases in which rules to show cause, &c. have been, granted by this court, to decide the validity of the election of vestrymen and churchwardens; The Commonwealth v. Cain, 5 Serg. & Rawle, 510, and The Commonwealth v. Woelper, 3 Serg. & Rawle, 29, 52. In the former the rule was discharged, and in the latter it was made absolute; and the defendant was convicted and removed from office. But in both these cases, the parties on each side claimed under the same charter, ■ neither was it questioned whether an information would lie; both being willing to have the election decided in that way. In the present instance, those who press the information disdain the charter. And in this they are very right; for if the charter is to govern, the case is against them. No authority has been shown for án information in a case like the present. Its being a very convenient remedy, is not cause sufficient. And, indeed, if convenience were to be consulted, there are two sides to the question. By interfering too promptly in disputes of 'this kind, we might introduce a flood of business, which would sweep every thing else out. of-court. -It is the opinion of the court, that this is not a case proper for an information; and therefore the rule should be discharged.
Rule discharged.